UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANNON ZIMMERLY,

          Plaintiff,

  v.

PIERCE COUNTY COUNCIL, et al.,

          Defendant.

CASE NO. 3:25-cv-06004-BHS

ORDER

This matter is before the Court following Magistrate Judge David Christel's Order granting pro se plaintiff Shannon Zimmerly leave to proceed *in forma pauperis*, Dkt. 2, based on her indigency. This Court must now decide whether Zimmerly's proposed complaint, Dkt. 3, states a plausible claim.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d

ORDER - 1

527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

In order to state a plausible claim, a plaintiff must allege facts that allow *the court* to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Zimmerly claims she has been "subjected to ongoing harassment, retaliatory prosecution, and selective enforcement" after "neighbors obtained anti-harassment orders against" her and pressured the Pierce County Prosecutor's Office to "initiate baseless actions" against her. Dkt. 3 at 6. She alleges she was provoked to display a yard sign with crude text, after which Pierce County charged her with violating the anti-harassment

orders. *Id.* She asserts First Amendment, Due Process, and Equal Protection claims, and 42 U.S.C. § 1983 claim for these alleged civil rights violations. *Id.* at 4. She also brings a Federal Torts Claims Act (FTCA) claim against defendant Bonneville Power Administration because a "neighbor illegally constructed structures encroaching on county-owned property." *Id.* at 4, 6.

Zimmerly has not articulated sufficient facts to state a plausible claim. She insists defendants falsely and vindictively sued her, but she does not provide any detail on the "who, what, when, where, and why" of the factual story. It is not enough to simply assert the anti-harassment orders and lawsuits filed against her caused her "actual harm," "emotional distress," and "liberty restrictions." *Id.* at 7. She similarly does not explain how neighbors' "illegally constructed structures" actually harmed her. *Id.* at 6. As with all Article III plaintiffs, Zimmerly must have standing to pursue her claims and demonstrate she suffered (1) an injury in fact that is (2) traceable to the defendants' conduct, and (3) is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Zimmerly's current proposed complaint, Dkt. 3, is wholly conclusory and does not meet this standard.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. However, where the complaint cannot be saved by any amendment, dismissal without leave to amend may be appropriate. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

Zimmerly appears to ask this Court to alter or reverse Orders issued by a state court. This Court cannot and will not review or reverse decisions made in state court. The

1  *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). Zimmerly's proper remedy is to fight the entry of allegedly malicious and unlawful state court anti-harassment against her in state court, or to appeal those orders in state court. This Court has no jurisdiction over such claims, and there is nothing Zimmerly could plead to change that conclusion. Similarly, for the FTCA claim, Zimmerly cannot assert any facts that could plausibly allege she suffered an injury from encroachment on *county-owned* property.

The case is DISMISSED without prejudice and without leave to amend. The Clerk shall close the case.

IT IS SO ORDERED.

Dated this 16th day of December, 2025.

BENJAMIN H. SETTLE
United States District Judge